Warren R. Paboojian, No. 128462
wrp@bplaw-inc.com
Jason S. Bell, No. 213234
jsb@bplaw-inc.com
BARADAT & PABOOJIAN, INC.
720 West Alluvial Avenue
Fresno, California 93711
Telephone: (559) 431-5366
Facsimile: (559) 431-1702

Attorneys for Plaintiffs
MONICA STERLING, individually
and as Successor in Interest to the
Estate of Esther Soliz, deceased;
SYLVIA JONES; and LOUIS SOLIZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA STERLING, individually and as Successor in Interest to the Estate of Esther Soliz, deceased; SYLVIA JONES; and LOUIS SOLIZ, <br><br> Plaintiffs, <br><br> vs. <br><br> REDWOOD SPRINGS HEALTHCARE CENTER; SPRUCE HOLDINGS, LLC; RICHARD SOLIZ (PURSUANT TO CCP §382); THERESA RUSSELL (PURSUANT TO CCP §382) ; ANGELA HERNANDEZ (PURSUANT TO CCP §382) and DOES 1 to 50, inclusive, <br><br> Defendants. | Case No. 1:21-cv-00872-NONE-SKO <br><br> **PLAINTIFFS' REPLY TO OPPOSITION TO MOTION FOR REMAND** <br><br><br> **Date : August 5, 2021** <br> **Time : 9:30 a.m.** <br> **Courtroom: 4** |

Plaintiffs respectfully submit the following reply to the Opposition to Plaintiffs' Motion to Remand.

## I.

## **INTRODUCTION**

Despite nearly every district court deciding this issue determining that there is no federal jurisdiction in these COVID-related nursing home litigation matters, Defendants continue to insist that

1  all of those the district courts are wrong, and have not given sufficient deference to a Health and Human
2  Services "advisory opinion."  Accordingly, in the face of overwhelming authority against them,
3  Defendants posit three alleged bases for federal jurisdiction:  complete preemption ("exclusive
4  jurisdiction") under the PREP Act based on giving "appropriate deference" to another branch of
5  government, on a legal issue this Court is more qualified to rule on; so-called "Grable" jurisdiction
6  because on the argument that "this case raises substantial and important federal issues requiring the court
7  to retain jurisdiction," or, alternatively, federal officer statute jurisdiction. (Opposition at p. 2, 15, 16,
8  Doc. 8.)

9  As set forth in Plaintiffs' moving papers and herein, the arguments are without merit and the
10 matter should be remanded to Superior Court in the County of Tulare.  In fact, as recently as July 16,
11 2021, a district court judge in the Central District of California remanded such a case on its own order,
12 after issuing an Order to Show Cause against the removing defendants because the Court determined from
13 the face of the removal documents themselves that the articulated basis for subject-matter jurisdiction was
14 insufficient.  *Green v. Westwood Healthcare & Wellness Ctr, LP*, 2021 U.S. Dist. LEXIS 132963.

15 There is no federal subject-matter jurisdiction for basic state law based negligence, wrongful death
16 and elder abuse claims, even if they are "Covid related."  The case should be remanded.

17                                                              **II.**

18                                                         **ARGUMENT**

19 **A.    Plaintiffs' Claims Do Not Fall Within the Provisions of the PREP Act.**

20 Redwood Springs first claims that the PREP Act requires complete preemption of any claims
21 which implicate it, and that Plaintiffs' claims fall within that category.  While Plaintiffs disagree that the
22 legislature intended complete preemption with respect to the PREP Act, regardless, the Court need not
23 reach that analysis because nothing about Plaintiffs' claims even colorably implicates the PREP Act.

24 Plaintiffs' Motion sets forth the commonsense reasoning and case analysis of why Plaintiffs'
25 allegations of Redwood Springs' inaction cannot implicate an Act that is intended to protect
26 manufacturers and those acting to create and utilize "countermeasures" to fight the COVID-19 pandemic.
27 (Doc. 6-1, pp. 4-8.) Redwood Springs' response is as broad as contending that the Complaint is covered
28 ///

because it "raises allegations relating to COVID-19 and covered countermeasures." (Opposition at p. 13:20-21, Doc. 8.)

As stated by the district court in the Western District of Pennsylvania, however, and concurred with the other jurisdictions listed in Plaintiffs' Motion, the courts have overwhelmingly rejected the argument that a skilled nursing facility's inaction to protect its residents from COVID-19 implicates protection under the PREP Act as a protected "countermeasure." See *Sherod v. Comprehensive Healthcare Mgmt. Servs. LLC*, 2020 U.S. LEXIS 191885, *19 (W.D. Penn.)  As Redwood Springs has done here, the defendant in *Sherod* attempted to frame the plaintiffs' complaint as raising claims "related" to the use of countermeasures as defined in the PREP Act. The court easily rejected this characterization:

> "The characterization of Plaintiff's claims by Defendants is both overbroad and inaccurate. This characterization by Defendants implies that [the facility] took countermeasures around the time of decedent's acquisition of the virus and her death due to the virus. [¶] As noted above, the PREP Act creates immunity for all claims of loss causally connected to the use of covered countermeasures. The allegations asserted by Plaintiff in her Complaint directly suggest that the decedent died because [the facility] failed to use countermeasures." *Id.* at *19, emphasis added.

The *Sherod* court then explained that allegations regarding the failure to take countermeasures must fall outside of the Act, and noted the numerous other courts across the country which have followed this commonsense analysis. *Id.* at *19-20.

The court concluded, "the PREP Act applies to potentially immunize certain 'covered persons' from their actions taken-not from their inaction-to prevent the spread of COVID-19." *Id.* at *21.

Plaintiffs' claims here are for wrongful death and negligence related to Redwood Springs' COVID-19 inaction. They do not implicate the PREP Act and the case should be remanded.

**B.** **As Set Forth in Plaintiffs' Motion, Other District Courts Are Giving The Appropriate Level of Deference to the HHS Advisory Opinion.**

Plaintiffs' Motion thoroughly sets forth the appropriate level of deference given to advisory opinions, and prior judicial analysis as to why such deference is not appropriate here. (Motion at p. 8:1-22, Doc. 6-1.) Defendants provide no new analysis contrary to that of the Motion, except to simply contend courts have "erred" in rejecting the analysis of the Advisory Opinion and citing to unrelated LMRA and ATSSA statutes. Defendants also contend that *Dupervil v. All Health Operations, LLC*, No.

20CV404, 2021 WL 355137 (E.D.N.Y Feb. 2, 2021) was wrongly decided when rejecting such arguments, holding that the PREP Act's administrative remedy and exhaustion requirements defeat any argument that it has a complete preemptive effect.

To the contrary, the *Dupervil* analysis is instructive. The court noted that the PREP Act is, for the most part, an immunity statute, and that arguments like Defendants make here "confuse complete preemption with field preemption." (*Id.* at *27.) In rejecting the "legal analysis" provide in the Advisory Opinion, the court explained:

> "In other words, according to the Advisory Opinion, a statute provides an exclusive federal cause of action for purposes of complete preemption even if "the exclusive initial venue is a federal administrative agency." (*See id.*) Although the Secretary's Declaration under the PREP Act "must be construed in accordance with the Advisory Opinions of the Office of the General Counsel," Fourth Amended Declaration, 85 Fed. Reg. 79,194-95, the Advisory Opinion here expressly states that it "does not have the force or effect of law" (Advisory Opinion 21-01, Dkt. 17-1, at 5). Thus, even assuming that Congress intended to delegate authority to the Secretary and HHS's Office of the General Counsel "generally to make rules carrying the force of law," the Office of the General Counsel interpretation relied upon by Defendants here explicitly was not "promulgated in the exercise of that authority" and is not entitled to *Chevron* deference. See *United States v. Mead Corp.*, 533 U.S. 218, 226-27, 121 S. Ct. 2164, 150 L. Ed. 2d 292 (2001) (deciding that no *Chevron* deference is due where an agency's rule or opinion was not "promulgated in the exercise of" any delegated congressional authority). *Id.* at *28.

The Advisory Opinion relied on by Defendants is wrong, and has been rightly rejected by nearly every district court deciding the issue before this Court.

**C.   Redwood Springs Was And Is Not A Federal Officer Simply Because It Was Subject To Federal Guidelines.**

**1.   Standard for Removal (Federal Officer Removal).**

As an initial matter, it is important to quickly debunk Defendants' claim that this Court has a duty to broadly interpret section 1442 always "in favor of removal." (Opposition at p. 16:2-16, Doc. 8.) These statements are a gross misrepresentation of the standard of removal under the federal officer removal statute.

There is no authority whatsoever for the proposition that a district court must broadly interpret federal officer removal when there is no colorable argument that a federal officer is involved in the case.

Rather, any "broad" interpretation of section 1442 can only come into play where removal is necessary to "give full effect to the purposes for which" the federal officer statutes were enacted. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir, 2006). And, of course, the purpose of federal officer removal jurisdiction is to protect federal actors from a state trial when they were merely acting under federal direction, and where there might be bias against such federal action. *Arizona v. Manypenny*, 451 U.S. 232, 241-242 (1981).

Here, on the other hand, Defendants are making a stretch to claim that the "unprecedented control and direction the federal government exercised over skilled nursing facilities with respect to the response to the COVID-19 pandemic" somehow transforms Redwood Springs – a private nursing home in Visalia – into a federal officer who can only receive a fair trial in federal court. (Opposition at p. 17:1-5, Doc. 8.)

Defendant cites no authority to support the idea that this Court should so broadly construe whether a private entity is considered a "person" within the meaning of section 1442 that following federal guidelines and direction renders every private actor a federal entity. To the contrary, and as stated in Plaintiffs' moving papers, the Supreme Court has plainly stated that federal agency regulation – even when in considerable detail and with "unprecedented control" – does not convert a private actor into a federal officer for jurisdiction purposes. *Watson v. Phillip Morris Cos., Inc.*, 551 U.S. 142, 152-153 (2007).

In fact, the very page cite Redwood Springs provides for its statement that the "'acting under' requirement is broad and is also to be liberally construed" ignores that, in that very case, the Court rejected any notion that even detailed, mandatory and strict federal guidelines could transform a private entity into a federal actor for removal jurisdiction. The Court made clear, "broad language is not limitless. And a liberal construction nonetheless can find limits in a text's language, context, history, and purposes." *Watson, supra*, 551 U.S. at 147.

**2. Redwood Springs Was Not "Acting" As, Or Under The Direction Of, A Federal Officer By Virtue of Federal Guidelines and Recommendations.**

With this understanding that regulatory guidelines and directives do not turn private entities into federal actors, it is clear Redwood Springs cannot meet the first and most critical component of removal

jurisdiction for its federal officer theory, the "acting under" element. Redwood Springs' argument is simply that because the federal government released numerous guidelines and recommendations to skilled nursing facilities in the face of the pandemic that at some, undefined, point those directions morphed into federal control of the facility.

As evidenced by the Opposition papers themselves, there is no authority for this position. That there were numerous guidelines and directives in the early months of the pandemic is reflective of the changing information available to the federal government, not some sort of increasing federal "takeover" of skilled nursing home facilities. Redwood Springs cites *Watson*, which expressly rejected such a claim, directing the opposite: "the help or assistance necessary to bring a private person within the scope of the statute does not include simply complying with the law." *Watson, supra*, 551 U.S. at 152. And, again, this makes sense because "[w]hen a company subject to a regulatory order **(even a highly complex order)** complies with the order, it does not ordinarily create a significant risk of state-court 'prejudice.'" *Ibid*, emphasis added. Redwood Springs' argument to the contrary is wholly without merit.

As stated in Plaintiffs' Motion, a contrary conclusion would implicate every facility which receives Medicare or Medicaid payments, and is entirely outrageous and untenable. See *N.G. v. Downey Regional Medical Center*, 140 F. Supp. 1036, 1040 (noting that adopting the defendant's argument for removal jurisdiction would mean "every private medical entity providing medical services for … Medicare or Medicaid recipients would be acting under a federal officer for purposes of section 1442(a)(1)").

Because Redwood Springs was not "acting under" the direction of a federal officer, it need not consider the other factors Redwood Springs would have to also meet for removal to be appropriate.

**D.     There Is No Important Federal Question Warranting Jurisdiction.**

Finally, Defendants briefly argue that because the Health and Human Services Secretary "pronounced" that the Grable doctrine should apply to the PREP Act, that this Court should accept that contention. Again, the HHS Advisory Opinion is not law, and it is a poorly reasoned attempt to convert the PREP Act into something it simply is not. Even if this Court had the discretion to exercise jurisdiction here, which is questionable, there is no important federal question warranting federal resolution of Plaintiffs' state law negligence and wrongful death claims.

1  Redwood Springs contends this case involves questions of national importance and matters of first
2 impression. It does not. Rather, Redwood Springs is asking this Court to exert jurisdiction and find it
3 immune from liability for its failure to invoke the very guidelines and measures it claims protection under.
4 There is simply no support for this argument.

### III.

### CONCLUSION

There is no basis for federal jurisdiction in this case, and the matter should be summarily remanded to the Superior Court of California for the County of Tulare.

Dated: July 29, 2021                                           BARADAT & PABOOJIAN, INC.

By: /s/ Warren R. Paboojian
Warren R. Paboojian
Jason S. Bell
Attorneys for Plaintiffs
MONICA STERLING, individually
and as Successor in Interest to the
Estate of Esther Soliz, deceased;
SYLVIA JONES; and LOUIS SOLIZ